IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARLAND E. TIMMONS,

       Plaintiff,

v.                                                                          CIV. No. 97-624 JC/RLP

TIMMONS CONSTRUCTION COMPANY,
INC. and  EMPLOYEE MEDICAL
BENEFIT PLAN,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Timmons Construction Company, Inc.'s

(Defendant) Motion for Summary Judgment, filed June 11, 1999 *[Doc. 60].*  The Court, having

considered the motions and briefs of the parties and being otherwise fully advised in the premises,

concludes that Defendant's motion is well taken and shall be granted.

A. Background

This action was initiated with a Complaint for Failure to Pay Benefits (Complaint), filed

May 2, 1997 *[Doc. 1].*  The Complaint involves a claim filed pursuant to the Employment

Retirement Income Security Act (ERISA), and a cross claim filed by the Defendant's employee

benefits plan (Plan) administrator, American Medical Security (AMS).  The claim against AMS

and AMS's cross-claim were both subsequently dismissed with prejudice. *See* Orders *[Doc. 42,*

*47].*  Consequently, the original claim of the Plaintiff is all that  remains in the lawsuit.

This action arises following Defendant's denial of medical benefits for medical expenses

sustained by the Plaintiff as a result of coronary artery bypass surgery in October of 1995. The following facts are as set forth in Defendant's brief and are undisputed by Plaintiff. On October 20, 1994, the Plaintiff applied for health insurance through the Defendant's Plan. Defendant was the Plan sponsor and contracted with AMS to serve as the Plan administrator. United Wisconsin Life Insurance Company provided coverage for payments made under the Plan.

The Plan contained a "pre-existing condition limitation" for obtaining medical benefits. Whether or not this limitation operates to exclude Plaintiff from coverage is the subject of the immediate motion before the Court. The relevant section of the Plan states as follows:

> Pre-existing condition means a condition, symptoms of a condition, or complications of a condition for which you are given medication, care, treatment, diagnosis, diagnostic tests or consultation prior to your effective date of coverage or the effective date of any benefit added to existing coverage. The symptoms must be distinct and significant enough to establish onset or manifestations by one of the following tests:
> 1. The symptoms would allow one learned in medicine to make a diagnosis of the disorder; or
> 2. The symptoms would cause an ordinarily prudent person to seek medical diagnosis or treatment.

Exhibit A (attached to Defendant's Motion for Summary Judgment). It is undisputed between the parties that the effective date of the policy was October 20, 1994, and that the twelve months prior to this date is the relevant time period for determining whether or not Plaintiff's condition was pre-existing.

The Plaintiff submitted charges from the October 1995 surgery to AMS. After reviewing the Plaintiff's 1994 medical records, AMS denied coverage based on the pre-existing condition limitation quoted above. Pursuant to the terms of the policy, Plaintiff appealed the initial denial by letter dated March 14, 1996. An independent physician, Dr. Michael Meyer, then reviewed the decision of AMS. Dr. Meyer was also of the opinion that the underlying condition leading to the

coronary bypass surgery was pre-existing.  Exhibit D, Affidavit of Dr. Meyer (attached to Defendant's Motion for Summary Judgment).  A second letter denying coverage was forwarded to Plaintiff on May 10, 1996.  Following that denial, the Plaintiff filed this action.

B.  Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321-23 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  In reviewing a motion for summary judgment, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995)."  Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. '" *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

C.  Discussion

When an ERISA plan gives the plan administrator discretion to determine eligibility for benefits, the administrator's decision is reviewed under an arbitrary and capricious standard. *Sandoval v. Aetna Life and Cas. Ins. Co.,* 967 F.2d 377, 380 (10th Cir. 1992).  The evidence to be considered by this Court is limited to that presented to the plan administrator.  *Id.*  The decision  must be supported by substantial evidence such that a reasonable mind might accept as adequate in order to support the conclusion reached.  *Id.* at 382.  Thus, the precise issue before the Court is whether there is any genuine issue of material fact as to whether AMS's decision to deny Plaintiff coverage was arbitrary and capricious or whether it was supported by substantial evidence.

1.  Conflict of Interest

As a preliminary matter, the Plaintiff contends that AMS has a conflict of interest because the Defendant contracted with it to administer the Plan.  It is doubtful that there is a conflict of interest because AMS has no pecuniary interest in the amount of coverage paid under the Plan. United Wisconsin Life Insurance Company provides for the payment of coverage.  AMS simply administers the Plan. Even assuming that there is a conflict of interest, the decision by AMS to deny this claim will still be reviewed under an arbitrary and capricious standard.  *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 826-27 (10th Cir. 1996).

2.  Presence of a "Pre-existing Condition"

The Court must first determine whether the information considered by AMS contained substantial evidence that Plaintiff had a pre-existing condition, as defined by the Plan, that existed anytime during the 12 months prior to Plaintiff's effective date under the Plan, October 20, 1994. It is undisputed that AMS denied Plaintiff coverage after reviewing his pre-October 1994 medical records. It is the Defendant's position that the medical records of Plaintiff's cardiologist, Dr. Miller, indicate that Plaintiff had significant cardiovascular problems prior to October 1994. Defendant relies upon the affidavit of Dr. Meyer who noted treatment by Dr. Miller for coronary artery disease on January 31, 1994, April 25, 1994 and August 29, 1994.[1] Having reviewed Dr. Miller's 1994 records, Dr. Meyer characterized Plaintiff's situation as a "worsening of his CAD (coronary artery disease) resulting in the need for a CABG (coronary artery bypass graph) surgery [on] 10/2/95." Exhibit D (attached to Defendant's Motion for Summary Judgment). He also stated that "[i]n my opinion, the condition of coronary artery disease was present in treatment prior to the effective date and the disease process which resulted in the 10/2/95 surgery." *Id.*

In contrast, Plaintiff characterizes his October 1995 condition as a "new" condition that

---

[1] Exhibit E (attached to Defendant's Motion for Summary Judgment) contains Dr. Miller's chart notes for these three treatment dates. On January 31, 1994, Dr. Miller's "impression" was as follows:
1. ASHD [Aterioschlerotic Heart Disease] status post myocardial infarction and LAD PTCA [Angioplasty] (7/7/91), no angina or cardiac symptoms at this time.
2. Possible recent history of early CHF [Congestive Heart Failure] symptoms.
3. Hypercholesterolemia.
4. Asthma.
On April 25, 1994, Dr. Miller once again diagnosed ASHD and possible recent CHF symptoms. He added a diagnosis of "probable COPD"[Chronic Obstructive Pulmonary Disease]. On August 29, 1994, Dr. Miller indicated that the diagnosis was "as before" although cholesterol levels were higher.

does not fit the definition of a "pre-existing condition" in the Plan. Specifically, a March 1996 letter from Dr. Miller stated that "it can be seen that the condition from which Mr. Timmons suffered and required coronary artery bypass surgery for in September and October of 1995 was not known to exist prior to that time." Exhibit C (attached to Defendant's Motion for Summary Judgment). Dr. Miller further stated that from March 3, 1991[2] until September 27, 1995, he saw Plaintiff "intermittently, primarily to control risk factors for development of new cardiovascular disease problems." *Id*. Dr. Miller stated that during this time, Plaintiff "had no further episodes of symptomatic cardiovascular disease...." *Id*. He stated also that on September 27, 1995, Plaintiff developed unstable angina pectoris, necessitating cardiac catheterization on September 29, 1995, which "revealed multi-vessel coronary artery disease with multiple high grade obstructions." *Id*. Dr. Miller noted that these later obstructions had not been present at the time of Plaintiff's initial catheterization on March 7, 1991. *Id*. Finally, Dr. Miller concluded that Plaintiff's pre-existing condition had involved the left anterior descending coronary artery, which was not involved in the October 1994 surgery. "In fact, that artery was not even bypassed as there was no significant obstruction in it." *Id.* I

In response to Plaintiff's request that Dr. Miller comment on whether the 1995 hospitalization was due to a pre-existing condition, Dr. Miller responded that it was not. *Id*. Dr. Miller reiterated that Plaintiff's "pre-existing condition involved the left anterior descending coronary artery which was not involved at all at this time." *Id*. The Plaintiff also relies upon a February 1996 letter from his cardiovascular surgeon, Dr. Ralph Paone, which states that Plaintiff's "present illness began several months ago when he developed shortness of breath and

---

[2]The Plaintiff underwent an angioplasty in March 1991.

angina pectoris."  *Id*.

Having summarized the evidence, I must now consider whether the decision of AMS to deny medical coverage was supported by substantial evidence and so was not arbitrary and capricious.  "'Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decisionmaker].'"  *Flint v. Sullivan*, 951 F.2d 264, 266 (10th Cir. 1991)(citations omitted).  Substantial evidence requires "'more than a scintilla but less than a preponderance.'"  *Id.*

The January 24, 1996 letter of AMS denying coverage stated that its records indicated that Plaintiff's coverage was subject to the pre-existing condition limitation of the Plan.  Exhibit B (attached to Defendant's Motion for Summary Judgment).  The letter also stated that Dr. Miller saw the Plaintiff three times in 1994 for a pre-existing condition as defined by the Plan. *Id.*  Dr. Meyer's subsequent opinion was based on these same 1994 records prepared by Dr. Miller. Exhibit D (attached to Defendant's Motion for Summary Judgment). Accordingly, the issue is whether Dr. Miller's 1994 records contain substantial evidence of a pre-existing condition.

I have carefully reviewed Dr. Miller's records.  Exhibit E (attached to Defendant's Motion for Summary Judgment).  While the January 1994 record is somewhat unclear as to whether Dr. Miller found arteriosclerotic heart disease at that time, Dr. Miller clearly noted such a conclusion in the April 1994 record.  In relating Dr. Miller's 1994 diagnosis of arteriosclerotic heart disease to his March 1996 letter, one can only conclude that although Plaintiff had arteriosclerotic heart disease in April 1994,  Dr. Miller opined that  it was not until September 1995 that the Plaintiff developed unstable angina pectoris, necessitating cardiac catheterization which revealing multi-vessel coronary artery disease with multiple high grade obstructions.  In other words, the Plaintiff

7

had arteriosclerotic heart disease in 1994 but was not symptomatic until September 1995. Consequently, I find that there is no genuine issue of fact that substantial evidence supports the AMS's conclusion that the Plaintiff had a pre-existing condition consisting of arteriosclerotic heart disease.

In addition, I agree with the Defendant that Dr. Miller's records, and not those of Dr. Paone, are the only records worthy of consideration in this analysis. Dr. Paone fails to give any kind of medical opinion. Exhibit C (attached to Defendant's Motion for Summary Judgment). He merely summarizes the Plaintiff's medical history beginning when his arteriosclerotic heart disease became symptomatic in September 1995. *Id.* Dr. Paone's letter is simply not relevant to the issue of whether there was a pre-existing condition. Accordingly, Dr. Paones' letter should be accorded minimal weight.

In sum, I conclude that there is no genuine issue of material fact that AMS's determination of a pre-existing condition was supported by substantial evidence. Therefore, as a matter of law, I find that the determination to deny coverage was not arbitrary and capricious. Summary judgment should be granted and this cause dismissed with prejudice.

Wherefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment, filed June 11, 1999 *[Doc. 60]* is granted and this matter dismissed with prejudice.

DATED this 18th day of October, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:         Victor K. Sizemore, Esq.
                               Placitas, New Mexico

Counsel for Defendant:         Stephen H. Nickey, Esq.
                               Studdard & Melby, Inc.
                               El Paso, Texas

                               Jamye Boone Ward, Esq.
                               El Paso, Texas